IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE McKENITH, SR., | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 20-1361 |
| BOROUGH OF WILKINSBURG, | ) |
|         Defendant. | ) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff Wayne McKenith, Sr. initiated this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, asserting that his employer, Defendant Borough of Wilkinsburg, discriminated against him because of his race and age and retaliated against him because he allegedly engaged in protected activity.  Presently before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which is opposed by Plaintiff.  (Docket Nos. 11, 12, 17).  After careful consideration of the parties' arguments in light of the prevailing legal standards, Defendant's Motion will be denied as to Plaintiff's retaliation claim, and the Motion will be denied as moot as to claims involving events alleged in the Complaint that occurred prior to May 2, 2019, and as to the claims for punitive damages.

**II.     BACKGROUND**

As set forth in the Complaint, Plaintiff is a 57-year old African American male, who has been employed by Defendant's police department as a law enforcement officer since February

1997. (Docket No. 1, ¶¶ 5, 8). Plaintiff has held various positions during his employment, and he has never received a negative performance evaluation. (*Id.*, ¶¶ 8, 9). Nonetheless, Plaintiff alleges that he has been harassed, demoted and/or removed from positions throughout his employment and replaced by younger, less experienced and less qualified non-ranking Caucasian members of Defendant's police department. (*Id.*, ¶ 10). According to Plaintiff, Defendant does not subject younger and/or Caucasian law enforcement officers to harassment and hostility. (*Id.*, ¶ 11).

Plaintiff claims that he has filed grievances with Defendant and two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2006 and 2016, and has taken legal action against Defendant as a result of the harassment and discrimination that he has experienced based on his race and/or age. (Docket No. 1, ¶ 12). Despite engaging in this protected activity, Plaintiff alleges that the harassment continued and worsened, thereby subjecting him to retaliation and a hostile work environment.[1] (*Id.*, ¶ 13).

In 2016, Defendant demoted Plaintiff from the position of detective sergeant to patrol sergeant without any explanation. (Docket No. 1, ¶ 14). Plaintiff avers that he was demoted because of his race and/or age, or in retaliation for engaging in protected activity. (*Id.*, ¶ 15). According to Plaintiff, the detective sergeant position was left vacant until January 2020, when Defendant promoted a younger, less qualified Caucasian male officer to the position. (*Id.*, ¶ 16).

In May 2018, Plaintiff was appointed to the position of acting lieutenant, but Defendant

---

1 As Defendant points out in its briefing, "Plaintiff makes references to a hostile work environment, continuing violation(s) and aiding and abetting under the PHRA but brings no such claims as explicit causes of action(s)." (Docket No. 12 at 9). Although it does not appear that Plaintiff brings such claims, Defendant moves to dismiss them out of an abundance of caution because they are not sufficiently pled and do not otherwise satisfy proceeding under a continuing violation theory. (*Id.* at 9-10). As the Court understands Plaintiff's Complaint, it does not allege claims for a hostile work environment or aiding and abetting under the PHRA, and Plaintiff does not contend otherwise in his briefing. Furthermore, Plaintiff concedes that he has not brought claims pursuant to a continuing violation theory. (*See* Docket No. 17 at 2, n.2).

allegedly refused to administer to him the civil service exam required for the position at that time. (Docket No. 1, ¶¶ 17, 18). Additionally, from May to August 2019, a younger, less experienced and less qualified Caucasian male officer was appointed to the acting chief position during the police chief's absence. (*Id.*, ¶ 19).

In January 2020, Plaintiff was removed from the acting lieutenant position without any explanation. (Docket No. 1, ¶¶ 20, 21). Plaintiff claims that he was removed from the position because of his race and/or age, or in retaliation for engaging in protected activity, including, but not limited to, filing grievances, charges of discrimination and litigation. (*Id.*, ¶ 22). Plaintiff allegedly was replaced by a younger, Caucasian male officer. (*Id.*, ¶ 23).

Overall, Plaintiff alleges that younger and/or Caucasian employees of Defendant's police department are treated more favorably and given more opportunities than him. (Docket No. 1, ¶ 24). Plaintiff also claims that he continues to be subjected to a hostile work environment based on his race and/or age, or in retaliation for engaging in protected activity. (*Id.*, ¶ 25). According to Plaintiff, he has satisfied all procedural and administrative requirements to bring suit in this Court, specifically: he filed a charge of discrimination and retaliation with the EEOC on February 26, 2020, which was cross-filed with the Pennsylvania Human Relations Commission; the EEOC issued a Notice of Right to Sue on September 1, 2020; and, he filed his Complaint within 90 days of the Notice of Right to Sue. (*Id.*, ¶ 4). Consequently, Plaintiff asserts claims against Defendant for race discrimination in violation of Title VII (Count One), age discrimination in violation of the ADEA (Count Two), retaliation in violation of Title VII and the ADEA (Count Three), and violation of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.* (Count Four).

In response to Plaintiff's Complaint, Defendant filed the pending Partial Motion to

Dismiss pursuant to Rule 12(b)(6). (Docket Nos. 11, 12). First, Defendant argues that all of Plaintiff's claims which arose before May 2, 2019 are time-barred and should be dismissed. (Docket No. 12 at 5-7). On this point, Defendant submits that Plaintiff has not clearly pled a right to relief on any claims prior to May 2, 2019, which was 300 days prior to the filing of his February 2020 EEOC charge. (*Id.* at 6). Thus, the only allegations within the applicable statute of limitations are Plaintiff's non-selection for the acting chief position and his removal from the acting lieutenant position. (*Id.*). Next, Defendant contends that Plaintiff's retaliation claim under Title VII and the ADEA in Count Three fails for lack of suggestive temporal proximity between any alleged protected activity and claimed retaliation. (*Id.* at 7-9). Finally, Defendant argues that Plaintiff's punitive damages claims are barred as a matter of law. (*Id.* at 9).

In his Response opposing Defendant's Motion, Plaintiff "withdraws any claims for punitive damages." (Docket No. 17 at 2, n.1). As to Defendant's argument that certain claims are time-barred, Plaintiff concedes that "the adverse employment actions that form the basis of [his] claims here are that [he was] passed over for the acting chief position from May to August, 2019, and [he was] remov[ed] and replac[ed] in the acting lieutenant position, which occurred in January, 2020." (*Id.* at 5). Given Plaintiff's position on these matters, Defendant's Partial Motion to Dismiss the Complaint will be denied as moot as to claims involving events that occurred prior to May 2, 2019 and as to the claims for punitive damages. Accordingly, the only remaining issue before the Court is Defendant's contention that the Complaint fails to state a plausible retaliation claim, which Plaintiff disputes. (*See id.* at 3-5).

### III.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### IV.     DISCUSSION

Title VII prohibits employers from retaliating against employees for complaining about harassment or discrimination in the workplace, and the ADEA contains a nearly identical anti-retaliation provision. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a); *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002) (stating that because the anti-retaliation provisions of Title VII and the ADEA are "nearly identical, . . . precedent interpreting any one of these statutes is equally relevant to interpretation of the other[]"). At issue here is whether Plaintiff's Complaint plausibly alleges a claim for retaliation under Title VII and the ADEA.

The Third Circuit Court of Appeals has clarified what a complaint must allege in the employment discrimination context to withstand a motion to dismiss:

> **To defeat a motion to dismiss, it is sufficient to allege a prima facie case.** *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017). **But it is not necessary.** *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), cited with approval in *Twombly*, 550 U.S. at 569–70, 127 S.Ct. 1955. **The complaint need only allege enough facts to "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element."** *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

*Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (emphasis added). This is so because "[a] prima facie case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (internal quotation marks and citations omitted).

Although it is unnecessary to allege a prima facie case, for purposes of the present matter, it is worth noting that a prima facie case of retaliation consists of allegations that: "(1) [the plaintiff] engaged in activity protected by Title VII; (2) the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (citation omitted).

Here, Defendant argues only that Plaintiff's Complaint insufficiently alleges the causal connection element. (Docket No. 12 at 8). Defendant points to the lack of suggestive temporal proximity between Plaintiff's EEOC charges filed in 2006 and 2016[2, 3] and any retaliation, which allegedly consists of being demoted in 2016, refused a civil service exam in May 2018, passed over for the acting chief position in May to August 2019, and removed from the acting lieutenant position in January 2020. (*Id.*).

---

2  According to Defendant, Plaintiff's Complaint incorrectly references a 2016 EEOC charge, and submits that the charge was filed in 2015. (Docket No. 12 at 3, n.3).

3  Defendant notes that Plaintiff's February 2020 EEOC charge was filed after he was passed over for the acting chief position in May to August 2019 and removed from the acting lieutenant position in January 2020. (Docket No. 12 at 8). Thus, Plaintiff is unable to base his retaliation claim on the February 2020 EEOC charge because that protected activity occurred after the alleged retaliatory actions. (*Id.*).

Defendant's argument focuses solely on the alleged lack of suggestive temporal proximity; however, a plaintiff may rely on "a broad array of evidence" to show the requisite causal link. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007) (citation omitted). Such evidence may include a temporal proximity between the protected activity and the adverse action, intervening antagonistic behavior on the part of the employer, inconsistencies in the employer's articulated reasons for taking the adverse action or any other evidence that supports an inference of retaliatory animus. *See id.* at 232–33. In this instance, Plaintiff submits that the Complaint alleges a pattern of antagonism sufficient to show a causal link for purposes of a prima facie case of retaliation. (*See* Docket No. 17 at 4).

After reviewing the Complaint, the Court is satisfied that it sufficiently alleges the necessary elements of a retaliation claim to withstand dismissal. To reiterate, although it is not necessary for Plaintiff to allege a prima facie case of retaliation to survive Defendant's Motion to Dismiss, *see Martinez*, 986 F.3d at 266, Plaintiff's Complaint contains such allegations here. If nothing else, the Complaint alleges enough facts to "raise a reasonable expectation that discovery will reveal evidence of" the elements of a retaliation claim. *Id.* (quoting *Fowler*, 578 F.3d at 213).

To that end, Plaintiff alleges that he engaged in protected activity by filing grievances with Defendant and charges of discrimination with the EEOC in 2006 and 2016 because of race and age discrimination. (Docket No. 1, ¶ 12). Additionally, Plaintiff claims that he suffered adverse employment actions because he was passed over for the acting chief position from May to September 2019, and he was later removed from the position of acting lieutenant in January 2020. (*Id.*, ¶¶ 19-20). Further, he alleges that there is a causal connection between these events because Defendant's actions were in retaliation for engaging in protected activity. (*Id.*, ¶

22). According to Plaintiff, the "Complaint details a pattern of antagonism from the Defendant, including repeated instances of being demoted or passed over for younger, Caucasian co-workers with no viable explanation from the Defendant for over ten (10) years." (Docket No. 17 at 4 (citing Docket No. 1, ¶¶ 10-19, 21, 23-25)). Accepting Plaintiff's well-pleaded allegations as true as required at this stage, the Court concludes that Plaintiff has plausibly alleged a retaliation claim, thus dismissal of Count Three is not warranted.

## V. CONCLUSION

Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Docket No. 11) is denied as set forth herein.

An appropriate order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:   September 1, 2021

cc/ecf:   All counsel of record